**STATE of Missouri, Respondent,**

v.

**Freeman EDMAISTON, Appellant.**

**No. 47532.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 28, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1984.

Application to Transfer Denied
Nov. 20, 1984.

Cathy R. Gilbert, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Deborah Neff, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant appeals from a jury conviction of stealing from a person. He was adjudged a prior offender, and received a sentence of imprisonment for five years. We affirm.

At about 10:00 p.m. on November 20, 1982, victim, a Ste. Genevieve taxi driver, took defendant from a restaurant to a bowling alley. Around 11:00 or 11:30 p.m., victim picked up defendant at the bowling alley and took him home. Defendant paid his fare both times. At about 2:15 a.m. that same night, victim was called to another restaurant. It was defendant again who requested to be taken to St. Louis. A fare of $50.00 was agreed upon, and paid by defendant; victim used $20.00 of that $50.00 to buy gasoline. The two engaged in friendly conversation on the trip to St. Louis. Defendant had been drinking, but was able to communicate.

When they arrived in St. Louis, defendant relieved victim of the $30.00 remaining after the purchase of gasoline with the aid of what defendant claimed was a gun. Victim talked defendant out of taking the taxicab as well. They drove around for awhile longer, ending up at a truck stop in Pevely, where defendant left the taxi-cab. Victim asked defendant to return some of the

money so he could buy gasoline to return to Ste. Genevieve, and defendant gave him $5.00 of the $30.00 he had stolen. Victim purchased some gasoline, returned to Ste. Genevieve, and reported the matter to the Ste. Genevieve police at about 7:30 a.m.

In the meantime, defendant remained at the truck stop for a while, then hitchhiked back to Ste. Genevieve, receiving three rides. The last ride was with a person who worked for the City of Ste. Genevieve, who took defendant to his residence where Ste. Genevieve Police Officer Ricky Woelich, working on the case, had arrived a short time before defendant.

Defendant asserts the trial court erred in refusing to instruct the jury on the defense of voluntary intoxication, using MAI–CR 2d 3.30.1 and 24.02.1. It was uncontroverted that defendant had been drinking that evening, night, and early morning. However, defendant testified he was not intoxicated despite his drinking. Further, he testified in some detail as to his version of the events that occurred on November 20–21, 1982.

 Evidence establishing a person had been drinking or even showing he was intoxicated does not require an instruction on voluntary intoxication. Such an instruction is proper only when the evidence indicates the intoxication was so extreme defendant did not know what he was doing. *State v. Cole*, 662 S.W.2d 297, 301 (Mo.App. 1983). Although the evidence herein indicates defendant had been drinking heavily during the evening in question, it does not establish the extreme level of intoxication required. Defendant's testimony he was not intoxicated, and, more importantly, his nearly total recall of what happened that night belie the contention defendant was so drunk he was incapable of forming the intent to commit the crime of stealing from victim. *State v. Sherrill*, 657 S.W.2d 731, 735 (Mo.App.1983). Defendant did not carry his burden of "injecting the issue" of severe intoxication, as required by § 562.-076.2 RSMo 1978, and therefore there was no error in refusing to instruct on that defense.

Defendant complains about the failure to disclose the investigation report of Ste. Genevieve Police Officer Woelich. The crime occurred in St. Louis but was originally reported to and initially investigated by the Ste. Genevieve police. They created an investigative file. This file was not delivered to the prosecutors in St. Louis, and was not disclosed to defendant pursuant to his timely request for discovery under Rule 25.03. At trial, after the victim's testimony, Officer Woelich was called. He ascended the stand carrying a manila folder. Defense counsel asked to see its contents, and discovered a two-page hand written statement of the victim, and approximately 30 pages of Officer Woelich's investigative report, which included an oral statement of the victim and identities and statements of several witnesses.

These reports came as a complete surprise to both the prosecution and the defense. A recess was called to enable counsel to examine the reports. Defense counsel then moved for a mistrial or to strike the victim's testimony, on the ground counsel was unable to cross-examine victim using the statement to challenge his credibility. No request to recall the victim for further cross-examination was made. The trial court denied defense counsel's request for a mistrial or to strike the victim's testimony.

 The nondisclosure of these reports was a violation of the state's duty to disclose beyond any doubt. *State v. Buckner*, 526 S.W.2d 387 (Mo.App.1975). Sanctions for such failure to provide discovery is a matter within the discretion of the trial court, which is abused only if the failure to disclose results in fundamental unfairness to defendant. *State v. Bryant*, 658 S.W.2d 935, 937 (Mo.App.1983).

 Defendant indicates two possible defense uses of the report. The reports contained the identities and statements of witnesses not called to testify by the state which were not otherwise disclosed to defendant. Some of these witnesses, it is claimed, might have aided defendant in establishing his intoxication defense. The statements reported defendant had been

drinking, nothing else of importance to defendant's case was revealed. These statements did not reveal any extreme intoxication, as is required to establish an intoxication defense, (see the discussion of defendant's first point above) and therefore did not result in fundamental unfairness.

A more difficult problem is created with regard to the statements made by the victim. The credibility of the victim, who was the only witness to the crime, was decisive. However, there was only one inconsistency revealed in the statement. Victim testified at trial he went directly home after he left defendant at the truck stop, but the statement he made to Officer Woelich revealed he went to defendant's house first, apparently to see if he could collect the fare from defendant's wife. We cannot state this inconsistency was sufficient to render the trial of defendant unfair because of the nondisclosure of the report. See *State v. Hurd*, 657 S.W.2d 337, 340–41 (Mo.App. 1983).

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.