George A. ANDERSON,
Movant-Appellant,

v.

STATE of Missouri,
Respondent-Respondent.

No. 53264.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 15, 1988.
Application to Transfer Denied April 19, 1988.

---

**1.** Respondent's motion to dismiss etc. is overruled. Petitioner's motion for attorney's fees is overruled.

Beverly A. Beimdiek, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

On March 26, 1981, movant pled guilty [1] to charges of first degree assault and exhibiting a dangerous and deadly weapon. He was sentenced to a term of 25 years' imprisonment. In January 1987, movant filed a Rule 27.26 motion which was amended following appointment of counsel. Movant alleged, among other matters, that his trial counsel was ineffective because she did not investigate his claim of intoxication after "[she] was informed by movant that he was intoxicated at the time of the assault and did not formulate the intent to harm the victim." Movant claimed his guilty plea was rendered involuntary because he was "forced ... to face the prospect of a trial without a defense." Movant also alleged his trial counsel "failed to file a motion to suppress movant's statements which were neither knowingly or voluntarily made in that movant was under the influence of alcohol at the time...." [2]

The court denied the motion without an evidentiary hearing, concluding that "[t]he transcript of the plea refutes movant's allegations that the plea was involuntary.... Movant has failed to allege facts not refuted by the record showing that his plea was rendered involuntary due to the alleged actions or inactions of his attorney."

---

1. The parties describe movant's plea as an "Alford plea." *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). There is nothing in the transcript of the guilty plea hearing that distinguishes movant's guilty plea as an Alford plea.

2. Movant does not indicate the contents of the statements or how they were used by the state. We perceive movant's allegation concerning the statements to mean that his decision to plead guilty was influenced by his fear that the statements would be used against him at trial.

The following excerpts from the transcript of movant's guilty plea hearing are pertinent:

[Court] Sir, in Count I it is charged that on October the 18th, 1980, at approximately 4:15 A.M., at fifty-six twelve McHenry, in Kinloch, that you attempted to kill or to cause serious physical injury to one Francis Harris by shooting Francis Harris. Is Francis a woman or a man?

[Movant] It's a woman, Your Honor.

Q. By shooting her by means of a firearm. Did you do that?

A. Yes, sir.

Q. All right, and in Count II it is charged that on October the 18th, at the same time, that you exhibited a dangerous and deadly weapon in a rude, angry and threatening manner in the presence of Francis Harris. Did you do that also?

A. Yes, sir.

Q. Who is this lady? A relative or what?

A. She was just living in the same house.

Q. You and her got into an argument I take it?

A. Yes, sir.

Q. Subsequently, did you shoot or fire a gun—fire a gun at her?

A. Yes, sir.

Q. What kind?

A. A revolver. A .32 revolver.

Q. Was it your gun?

A. No, sir—it belonged to the landlady.

Q. What part of the body did you hit when you shot her?

A. I really didn't know—the statement said the face and side—something like that.

Q. Were you drinking at the time?

A. Yes, sir.

Q. Even though you don't remember the occurrence specifically, do you remember firing a gun at her—is that a fair statement?

A. Yes, sir.

Q. So, it would be a fair statement to say that you were waving the gun at her?

A. Yes, sir.

Q. All right, and that all took place in St. Louis County on October the 18th, 1980, is that correct?

A. Yes, sir.

Q. Were you arrested immediately or what?

A. Immediately.

The court explained to movant that, by pleading guilty, he would be waiving various rights, including the right to seek suppression of any statements he might have made. Movant said he understood he was waiving the rights described by the court.

On appeal, movant contends the motion court erred in not holding an evidentiary hearing because his "allegations were not refuted by the conclusory questions and answers at the plea hearing."

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Because a movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim," *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original), a motion

court and this court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient. *Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984); *Richardson v. State,* 719 S.W. 2d 912, 915–16 (Mo.App.1986). The two-part *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985). In *Hill,* the court stated:

> [W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.... [T]hese predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decision maker."

*Hill,* 106 S.Ct. 370–71.

█ We believe movant's allegations do not satisfy the requirements of *Thomas,* 736 S.W.2d at 519. The allegation that movant's plea was involuntary because of his counsel's failure to investigate is refuted by the record. The guilty plea hearing transcript shows, from movant's own words, that any failure by his trial counsel to investigate a defense of intoxication could not have caused prejudice to movant's defense.

Movant's purported defense of intoxication was governed by § 562.076, RSMo 1978 [3] which provided in pertinent part:

1. A person who is in an intoxicated or drugged condition whether from alcohol, drugs, or other substance, is criminally responsible for conduct unless such condition

(1) Negatives the existence of the mental states of purpose or knowledge when such mental states are elements of the offense charged or of an included offense....

Movant contends that he was "intoxicated at the time of the incident and therefore was incapable of formulating the intent to harm the victim...." [4]

Had this matter gone to trial, movant would have been entitled to an instruction on the defense of intoxication only if the evidence indicated his intoxication was so extreme he did not know what he was doing. *State v. Edmaiston,* 679 S.W.2d 360,362 (Mo.App.1984); *State v. Beinkowski,* 624 S.W.2d 107,108 (Mo.App.1981). The degree of intoxication required to constitute a defense under § 562.076, RSMo 1978, was thoroughly discussed in *State v. Gullett,* 606 S.W.2d 796, 805–06 (Mo.App. 1980). Movant's recollections at his guilty plea hearing of the assault indicate his intoxication was not extreme enough to have constituted a defense. Movant was able to recall that he engaged in an argument with the victim, that he shot her with a .32 caliber revolver that belonged to the landlady, that he waved the gun at the victim and fired it at her, and that he was arrested immediately. His condition was similar to that of the defendants in *Edmaiston,* 679 S.W.2d 360, *Beinkowski,* 624 S.W.2d 107, and *State v. Helm,* 624 S.W.2d 513 (Mo.App.1981), who were able to recount certain details of the incidents for which they were charged.

We believe movant's ability to recall details of the assault would have negated a defense of intoxication. Investigation by his trial counsel would not have rendered him more intoxicated at the time of the

---

3. This section was amended to its present form after the assault. L.1983, p. 924, S.B. No. 276, § 1.

4. For purposes of examining movant's argument, we accept his assertion that the state was required to show his "intent to harm the victim." From the portion of the guilty plea hearing transcript quoted above, it appears movant was charged under § 565.050.1(2), RSMo 1978, which provides, "A person commits the crime of assault in the first degree if: ... (2) He attempts to kill or to cause serious physical injury to another person...." Whether this subsection was subject to § 562.076.1(1), RSMo 1978, is open to question. *See State v. Lee,* 647 S.W.2d 817, 819 (Mo.App.1983).

incident. We believe it unlikely that movant's counsel would have discovered information about movant's degree of intoxication that would have led her to recommend that movant not plead guilty. Thus counsel's error, if any, did not cause prejudice to movant's defense. *See Hill,* 106 S.Ct. at 370–71.

Movant's allegations concerning his counsel's failure to move to suppress his statements also are refuted by the record. By pleading guilty, movant waived objection to use of his statements even if they had been unlawfully obtained. *Ervin v. State,* 525 S.W.2d 381, 386 (Mo.App. 1975). *See also Floyd v. State,* 518 S.W.2d 700, 703 (Mo.App.1975) (objection to coerced confession waived by guilty plea). Moreover, at the guilty plea hearing, movant specifically waived the right to seek suppression of the statements. Thus there could be no prejudice to movant's defense from his counsel's failure to seek suppression of the statements.

The judgment of the motion court was not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.