Ronald GREEN, Appellant,

v.

STATE of Missouri, Respondent.

No. 55349.

Missouri Court of Appeals,
Eastern District,
Division One.

April 18, 1989.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant pled guilty to stealing over $150 and was sentenced to ten years' imprisonment as a persistent offender. Movant now asserts he is entitled to an evidentiary hearing to determine whether his counsel at the plea hearing was ineffective, and as a result, whether movant's guilty plea was involuntary. Movant contends his plea was involuntary because he was not advised by his counsel of the ramifications of being charged as a persistent offender.

"To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense." *Anderson v. State*, 747 S.W.2d 281, 283 [1] (Mo.App.1988).

At the plea hearing, the prosecuting attorney stated the punishment for the crime movant was charged with was up to seven years' imprisonment; however, since movant had been charged as a persistent offender, he could receive up to fifteen years' imprisonment. The trial judge also questioned movant extensively as to the voluntariness of his plea and the performance of his counsel. Specifically, the judge asked movant:

Q. Has your attorney explained to you the charge against you and the punishment by law for the crime charged?

A. Yes, sir.

Q. Has he also explained to you the punishment provided by law by reason of the fact that you have been found a persistent offender?

A. Yes, sir.

The record clearly refutes movant's allegations that he was not advised by counsel of the ramifications of being charged as a persistent offender. Movant pled guilty in exchange for the recommendation of a ten-year sentence by the State, and his plea was made with a full understanding of the enhanced sentence he would receive as a persistent offender and the potential sentence he could receive if he was found guilty at trial. The trial court correctly

denied movant's motion for post-conviction relief.

Judgment affirmed.

CRANDALL, P.J., and DOWD, J., concur.