Brian R. **SMITH, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 56459.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 20, 1990.

James Michael Hardcastle, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

JOSEPH J. SIMEONE, Senior Judge.

Movant, Brian R. Smith, appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

On March 15, 1988, movant entered pleas of guilty to two counts of first degree assault. Section 565.050, R.S.Mo., 1986. He was sentenced on April 25, 1988, on both counts to twenty years to run consecutively. On June 22, 1988, movant filed a motion to vacate *pro se* to set aside his sentence. The motion alleged that he did not knowingly and voluntarily enter the plea, that his counsel was ineffective in failing to explain his defense of intoxication and in failing to explain the defense of diminished capacity which rendered the plea involuntary. After counsel was appointed, an amended motion was filed on October 14, 1988, alleging ineffective assistance of counsel. The state moved to dismiss. The court denied the motion without an evidentiary hearing and made findings of fact and conclusions of law. The court found that the allegation that movant was involuntarily intoxicated was a bare allegation without specific facts, and the allegation that counsel failed to explain the defense of diminished capacity failed to state sufficient facts that the movant was mentally impaired so as to negate the mental state of the offense. The court found that the record showed that two psychiatric examinations were conducted and that the written findings indicated no diminished capacity to affect the mental element of the offense.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

■ To be entitled to an evidentiary hearing on a Rule 24.035 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987). On a plea of guilty all claims of ineffective assistance of counsel are waived except to the extent they make the plea involuntary. *McGinnis v. State*, 764 S.W.2d 653, 654 (Mo.App. 1988).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Because a movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim," *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original), a motion court and this court may proceed directly to the issue of prejudice. *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984); *Richardson v. State*, 719 S.W.2d 912, 915–16 (Mo. App.1986). The two-part *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

■ The allegation that movant's plea was involuntary because of his counsel's failure to investigate the defense of intoxication is refuted by the record. The guilty plea hearing transcript shows that any failure by his trial counsel to investigate a defense of intoxication could not have caused prejudice to movant's defense.

Movant's purported defense of intoxication was governed by § 562.076, RSMo 1986 which provides in pertinent part:

1. A person who is in an intoxicated or drugged condition whether from alcohol, drugs, or other substance, is criminally responsible for conduct unless such condition is involuntarily produced and deprived him of the capacity to know or appreciate the nature, quality or wrongfulness of his conduct.

Had this matter gone to trial, movant would only have been entitled to an instruction on the defense of intoxication if the evidence indicated his intoxication was so extreme he did not know what he was doing. *State v. Edmaiston*, 679 S.W.2d 360, 362 (Mo.App.1984); *State v. Bienkowski*, 624 S.W.2d 107, 108 (Mo.App.1981). The degree of intoxication required to constitute a defense under § 562.076, RSMo 1978, was thoroughly discussed in *State v. Gullett*, 606 S.W.2d 796, 805–06 (Mo.App. 1980). Movant's testimony at his guilty plea hearing on the assault indicates his intoxication was not extreme enough to have constituted a defense. Movant was able to recall that a 12 inch switchblade knife was used, that he stabbed the victim once inside the house and once outside the house. His condition was similar to that of defendants in *Edmaiston*, 679 S.W.2d 360, *Bienkowski*, 624 S.W.2d 107, and *State v. Helm*, 624 S.W.2d 513 (Mo.App.1981), who were able to recount certain details of the incidents for which they were charged. *See Anderson v. State*, 747 S.W.2d 281 (Mo.App.1988). The intoxication must be so extreme so as to suspend all reason.

We believe movant's ability to recall these details of the assault would have negated a defense of intoxication. Investigation by his trial counsel would not have rendered him more intoxicated at the time of the incident. We believe it unlikely that movant's counsel would have discovered information about movant's degree of intoxication that would have led him to recommend that movant not plead guilty. Thus counsel's error, if any, did not cause prejudice to movant's defense. *See Hill*, 106 S.Ct. at 370–71.

■ As to counsel's alleged ineffectiveness relating to failure to explain the defense of diminished capacity or partial responsibility, the motion court was not clearly erroneous.

Section 552.015, R.S.Mo., 1986 provides that evidence that the defendant did or did not suffer from a mental disease or defect

shall be admissible in a criminal proceeding "(8) To prove that the defendant did or did not have a state of mind which is an element of the offense."

The doctrine of diminished capacity means that proof of a mental derangement short of insanity may be allowed as evidence of a lack of deliberate design or premeditation. The doctrine contemplates full responsibility, not partial, but only for the crime actually committed. *State v. Strubberg,* 616 S.W.2d 809, 816 (Mo. banc 1981). *See State v. Anderson,* 515 S.W.2d 534, 541 (Mo. banc 1974); MAI–CR 3d 308.-03. The motion court found that the reports of the psychiatric examinations showed no evidence of diminished capacity. Under such circumstances, counsel could not be deemed ineffective in failing to inform movant of a possible partial defense of diminished capacity. *See Patton v. State,* 486 S.W.2d 204, 205 (Mo.1972); *Brown v. State,* 719 S.W.2d 52, 55 (Mo. App.1986); *Cf., Stewart v. State,* 678 S.W.2d 439 (Mo.App.1984).

■ The motion court also found that the allegations made in the motions were bare allegations without specific facts and were conclusory. Allegations of conclusions are not sufficient to warrant an evidentiary hearing. *Rice v. State,* 585 S.W.2d 488, 493 (Mo. banc 1979). The court did not err in this regard.

We conclude that the motion court was not clearly erroneous in denying appellant's Rule 24.035 motion without an evidentiary hearing. The record refutes movant's allegation that the plea was not voluntarily made.

The order is affirmed.

SIMON, C.J., and DOWD, J., concur.