**Thomas Henry BATTLE, Appellant,**

v.

**William ARMONTROUT, Warden of Missouri State Penitentiary, Appellee.**

**No. 89–1462.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1990.

Decided May 9, 1990.

Richard A. Ahrens, St. Louis, Mo., for appellant.

Jared R. Cone, Jefferson City, Mo., for appellee.

Before McMILLIAN, FAGG, Circuit Judges, and STROM,* District Judge.

FAGG, Circuit Judge.

Thomas Henry Battle appeals from the denial of his petition for habeas corpus under 28 U.S.C. § 2254 (1988). Battle was convicted of capital murder and sentenced to death. The Missouri Supreme Court affirmed the conviction and sentence on direct appeal. *State v. Battle,* 661 S.W.2d 487 (Mo.1983) (en banc), *cert. denied,* 466 U.S. 993, 104 S.Ct. 2375, 80 L.Ed.2d 847 (1984). Battle filed a motion for postconviction relief under Missouri Supreme Court Rule 27.26 (repealed 1988), which the court denied after an evidentiary hearing. The Missouri Court of Appeals affirmed the denial. *Battle v. State,* 745 S.W.2d 730 (Mo.Ct.App.1987), *cert. denied,* —— U.S. ——, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988).

Battle then filed his section 2254 petition, claiming fifteen separate grounds for relief and requesting appointment of counsel. The asserted grounds fall into five general categories: (1) ineffective assistance of counsel; (2) error in jury selection; (3) error in jury instruction; (4) introduction of improperly obtained confessions; and (5) improper application of the death sentence. The district court engaged in an exhaustive review of the records of the trial, appeal, and Rule 27.26 proceedings. In a lengthy and detailed memorandum opinion, the court examined each of the fifteen grounds Battle raised. The district court concluded the trial court committed no prejudicial error and denied Battle's petition and his motion for appointment of counsel. The district court granted a motion for reconsideration, but again denied the petition.

■ Battle's initial argument on appeal is that the district court committed error in denying his motion for appointment of counsel. A court may appoint counsel for any financially eligible person seeking relief under section 2254 when the interests of justice so require. *See* 18 U.S.C. § 3006A(a)(2) (1988); 28 U.S.C. § 2254; R. 8(c) (1988). We review the court's denial of the request to appoint counsel under the abuse of discretion standard. *Williams v. Missouri,* 640 F.2d 140, 144 (8th Cir.), *cert. denied,* 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981). Initially, the district court must decide whether the pro se litigant has presented a nonfrivolous claim and then whether the nature of the litigation will make the appointment of counsel of benefit to the litigant and the court. *See Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir.1986). Several factors should influence the court's decision, including the pro se litigant's ability to investigate facts and present claims and the complexity of the factual and legal issues. *See id.* at 1322–23.

■ Considering each of these factors, we conclude the district court abused its discretion in failing to appoint counsel. Battle has presented a nonfrivolous claim for relief. Battle's ability to investigate is seriously impaired by his incarceration. *See Shields v. Jackson,* 570 F.2d 284, 286 (8th Cir.1978) (per curiam) (indigent, incarcerated litigant not in position to investigate adequately). The factual and legal issues are sufficiently complex and numerous that appointment of counsel would benefit both Battle and the court by allowing counsel to develop Battle's arguments and focus the court's analysis. Of course, the complexity of the issues takes on even greater significance in a case involving the death penalty. *See Chaney v. Lewis,* 801 F.2d 1191, 1196 (9th Cir.1986) (complexity of issues coupled with death penalty required appointment of counsel), *cert. denied,* 481 U.S. 1023, 107 S.Ct. 1911, 95 L.Ed.2d 516 (1987).

At this initial stage of proceedings in the federal courts, the interests of justice require appointment of counsel to advocate Battle's position. Accordingly, without reaching the merits of Battle's claims, we vacate the judgment of the district court and remand for appointment of counsel and reconsideration of Battle's petition.

---

* The HONORABLE LYLE E. STROM, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.