989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Samuel MASSA, Appellant,
v.
Jimmy JONES, Appellee.
 No. 92-1546EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 16, 1992.
Filed: March 16, 1993.
 
 Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 Samuel Massa appeals the denial of his petition for a writ of habeas corpus. Massa contends the district court erred in finding he failed to timely file his Rule 29.15 motion and in neglecting to appoint counsel sua sponte. He also contends the evidence was insufficient to support his conviction. We affirm.
 
 I.
 
 2
 On November 1, 1987, Massa and James Hook purchased a video cassette recorder (VCR) at a Missouri Walmart. Massa carried the VCR, to which the cashier had taped the receipt, toward the front of the store, while Hook returned to the electronics department and took an identical VCR. Hook then met Massa in the hardware department, where Massa taped the receipt from the first VCR to the second one. Massa went to the electronics department while Hook left the store without paying for the second VCR. Hook was apprehended in the parking lot by Walmart security, and Massa was detained in the electronics department with a third VCR in his shopping cart.
 
 
 3
 Massa was convicted of acting in concert with another to steal and sentenced as a persistent offender to fifteen years. The Missouri Court of Appeals affirmed his conviction and sentence. A state habeas corpus motion under Missouri Supreme Court Rule 29.15 was dismissed as untimely, and the Missouri Court of Appeals sustained the denial of the Rule 29.15 motion.
 
 
 4
 Massa then filed a pro se petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988). On January 21, 1992, the district court accepted the magistrate judge's recommendation that the petition be denied.
 
 
 5
 Massa filed this timely appeal, asserting: (1) the district court erred in finding his Rule 29.15 motion claims were procedurally barred because he failed to file the motion within the allotted time; (2) the district court erred in failing to appoint counsel sua sponte; and (3) the evidence was insufficient to convict him of acting in concert with another to steal.
 
 II.
 
 6
 Massa first challenges the district court's refusal to address the merits of his Rule 29.15 motion claims by attacking the constitutionality of Rule 29.15. He contends that Rule 29.15 violates the Missouri Constitution by placing time restrictions on the right to petition for a writ of habeas corpus.[1] Rule 29.15 limits a state writ of habeas corpus to those who file the petition
 
 
 7
 within thirty days after the filing of the transcript in the appeal pursuant to Rule 30.04. If no appeal of such judgment was taken, the motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections.
 
 
 8
 Mo. Sup. Ct. R. 29.15(b).
 
 
 9
 Massa failed to present his challenge to Rule 29.15 before the district court and raises it for the first time on appeal. A petitioner must raise all claims in his habeas petition, as any claims raised for the first time on appeal will constitute an abuse of the writ. Kennedy v. Delo, 959 F.2d 112, 117 (8th Cir.), cert. denied, 113 S. Ct. 168 (1992). Before this court can consider the substance of his claim, Massa must show actual cause and prejudice for his failure to present the claim in his habeas petition. McCleskey v. Zant, 111 S. Ct. 1454, 1470 (1991); Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992). As Massa has failed to show actual cause and prejudice, we find his challenge to Rule 29.15 procedurally barred and refuse to reach the merits of the claim.[2]
 
 III.
 
 10
 Massa contends the district court's failure to appoint him counsel impaired his ability to present his claims before the district court. He argues habeas corpus proceedings present complicated questions of law and fact that cannot be addressed adequately without assistance of counsel.
 
 
 11
 Habeas proceedings are civil in nature, and thus petitioners have no sixth amendment right to counsel. Blair v. Armontrout, 916 F.2d 1310, 1332 (8th Cir. 1990), cert. denied, 112 S. Ct. 89 (1991). The court may use its discretion in deciding whether to appoint counsel in habeas cases under 18 U.S.C. § 3006A(a)(2)(B). Williams v. Groose, 979 F.2d 1335, 1337 (8th Cir. 1992); Williams v. Missouri, 640 F.2d 140, 144 (8th Cir.), cert. denied, 451 U.S. 990 (1981). To determine whether to appoint counsel, the district court should examine the nature of the litigation, the litigant's ability to research and present his claims, and the complexity of the issues. Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990).
 
 
 12
 Here, we find Massa's claims did not mandate the assistance of counsel. The district court was procedurally barred from addressing the claims raised in Massa's Rule 29.15 motion and the remaining sufficiency of the evidence claim could be effectively resolved on the basis of the state court transcripts. The district court did not abuse its discretion in failing to appoint counsel.
 
 IV.
 
 13
 We note Massa argues that the evidence before the state court was insufficient to support his conviction. We find this claim unmeritorious. The state court and the federal district court justifiably have found that, interpreting the evidence in favor of the prosecution, sufficient evidence exists to convict Massa of acting in concert with another to steal.
 
 
 14
 Accordingly, we affirm.
 
 
 15
 A true copy.
 
 Attest:
 
 16
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 He also contends that, for the same reason, Rule 29.15 violates the United States Constitution. His argument is without merit, as Rule 29.15 places time restrictions on state habeas corpus, not federal habeas corpus
 
 
 [2]
 In Fletcher v. Armontrout, 725 F. Supp. 1075 (W.D. Mo. 1989), a federal district court certified the question of the constitutionality of Rule 29.15 to the Missouri Supreme Court. The Missouri Supreme Court declined certification. Fletcher v. Armontrout, 733 F. Supp. 1348, 1349 (W.D. Mo. 1990)