**Brian R. SMITH, Appellant,**

v.

**Michael GROOSE, Appellee.**

No. 92–2770.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1993.

Decided July 16, 1993.

---

Eric W. Butts, St. Louis, MO, argued, for appellant.

Millie E. Aulbur, Jefferson City, MO, argued (Jay Nixon and Millie Aulbur, on the brief), for appellee.

Before WOLLMAN, Circuit Judge, ROSS, Senior Circuit Judge, and KOPF,* District Judge.

ROSS, Senior Circuit Judge.

On March 14, 1988, appellant Brian Smith was convicted of two counts of first-degree assault after entering a plea of guilty and was sentenced to two consecutive twenty-year terms of imprisonment. After filing state postconviction motions, appellant filed his petition for federal habeas corpus relief, asserting that (1) his guilty plea was involuntary and unknowing because he was not advised of the rights he was waiving at the time he pled guilty; and (2) he was denied effective assistance of counsel because his attorney failed to investigate a defense of voluntary intoxication. On appeal from the district court's denial of his habeas petition, appellant now argues the district court erred in (1) refusing to hold an evidentiary hearing; (2) refusing to appoint counsel; and (3) concluding that appellant's habeas corpus claims were procedurally barred. For the reasons discussed below, we affirm the order of the district court.

■ First, we affirm the district court's determination that appellant's claims were procedurally barred. Appellant's first claim, that he was not fully informed of the rights he was waiving at the time of his plea, was not sufficiently presented in his pro se Rule 24.035 motion in state court. The court denied appellant's motion because it failed to specifically allege facts which would have entitled him to relief. Under Missouri Supreme Court Rule 24.035, in order to be entitled to an evidentiary hearing, a movant must satisfy the procedural requirement that his petition allege facts, not conclusions, which if true would warrant relief. Rule 24.035(g); *State v. Blankenship*, 830 S.W.2d

1, 16 (Mo.1992) (en banc). The failure to satisfy state procedural requirements serves as an adequate and independent state procedural bar to review. *Grubbs v. Delo*, 948 F.2d 1459, 1462 (8th Cir.1991), *cert. denied*, — U.S. —, 113 S.Ct. 109, 121 L.Ed.2d 67 (1992). In addition, appellant omitted this claim from the appeal of the denial of his Rule 24.035 motion. This omission also constitutes a procedural default. *Smith v. Jones*, 923 F.2d 588, 589 (8th Cir. 1991) (failure to appeal from denial of postconviction motion in Missouri state court constitutes a procedural default). No effort is made to demonstrate cause for or prejudice resulting from the procedural default.

■ The second issue raised in appellant's federal habeas petition, relating to counsel's failure to adequately advise the appellant on the defense of *voluntary* intoxication, is also procedurally barred from federal habeas review. In appellant's pro se Rule 24.035 motion before the state court, he alleged only that trial counsel was ineffective for failing to explain his defense of *involuntary* intoxication. The claims of voluntary and involuntary intoxication are fundamentally different because they involve distinct defenses to the charges. Therefore, because appellant's state postconviction motion only raised the issue of involuntary intoxication, the state court has not had an opportunity to address the voluntary intoxication claim. Appellant's failure to present this claim in its present form to the Missouri state courts constitutes a procedural default to federal habeas review.

■ ▪ Nor can appellant demonstrate cause and prejudice to overcome the procedural bar to his claim as required by *Wainwright v. Sykes*, 433 U.S. 72, 97, 97 S.Ct. 2497, 2511, 53 L.Ed.2d 594 (1977). It is clear that appellant cannot establish actual prejudice under *Wainwright*, because his underlying claim is without merit. The law in Missouri is clear that voluntary intoxication is not a defense to a criminal charge. *State v. McGreevey*, 832 S.W.2d 929, 931 (Mo.Ct.App.

* THE HONORABLE RICHARD G. KOPF, United States District Judge for the District of Nebraska, sitting by designation.

**1442**

1992); Mo.Rev.Stat. § 562.076.1 (Supp.1993). Therefore, counsel cannot be ineffective for failing to advise appellant of an unavailable defense.

Even if we were to read the petition broadly and construe it as involving either voluntary or involuntary intoxication, appellant's claim is nevertheless unavailing. The Missouri Court of Appeals held that any defense concerning intoxication was foreclosed by the facts of the case as admitted to by appellant. *Smith v. State,* 784 S.W.2d 855, 857 (Mo.Ct.App.1990). The Missouri appellate court held that because "his intoxication was not extreme enough to have constituted a defense," any failure by his trial counsel to investigate a defense of intoxication could not have prejudiced appellant's defense. *Id.* Therefore, in light of the Missouri court's factual findings, appellant is not entitled to relief on the merits of his ineffective assistance of counsel claim.

Appellant also argues that the district court erred in failing to appoint counsel *sua sponte* to assist him with his petition for habeas corpus relief despite the "substantial legal issues" raised in his petition. We disagree. A district court does not abuse its discretion in denying petitioner's request for appointment of counsel where the issues can be properly resolved on the basis of the state court record. *McCann v. Armontrout,* 973 F.2d 655, 661 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1342, 122 L.Ed.2d 724 (1993). Here, where the appellant failed to properly plead the first claim before the postconviction court, and where appellant never raised the second claim in state court, it was clear from the state court record that appellant's habeas claims are procedurally barred. Therefore, the federal district court did not err in failing to appoint counsel.

Nor did the district court err in failing to conduct an evidentiary hearing. In order to be entitled to a hearing in federal district court, petitioner must show both cause for failure to adequately develop the facts in the postconviction state court hearing and actual prejudice resulting therefrom. *Id.* at 658. Because we have concluded that appellant's claims are procedurally barred, it is clear he was not prejudiced by failing to receive an evidentiary hearing. *Id.*

Based on the foregoing, the judgment of the district court denying habeas relief is affirmed.