John Ameen ABDULLAH, Appellant,

v.

Larry NORRIS, Acting Director,
Arkansas Department of
Correction, Appellee.

No. 93–1806.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1993.

Decided March 9, 1994.

Rehearing and Suggestion for Rehearing
En Banc Denied April 18, 1994.

Counsel who presented argument on behalf of the appellant was Job Serebrov, Fayetteville, AR.

Counsel who presented argument on behalf of the appellee was Darnessa Evans Johnson, Little Rock, AR.

Before BOWMAN, Circuit Judge, JOHN R. GIBSON,* Senior Circuit Judge, and HANSEN, Circuit Judge.

HANSEN, Circuit Judge.

John Ameen Abdullah filed a petition for a writ of habeas corpus to challenge his conviction for attempted capital murder. The district court,[1] before denying the petition, denied Abdullah's motion for appointment of counsel. Abdullah appeals the denial of that motion. We affirm.

## I.

On the morning of July 19, 1988, Abdullah and Aulden Thomas robbed the Show Biz Pizza restaurant in North Little Rock, Arkansas. They held employees and prospective customers hostage for about two-and-one-half hours and forced an employee to open the safe at gunpoint. They escaped in a car, were spotted by a nearby police officer, and led three other police units on a high-speed chase that covered about 20 miles. When Abdullah and Thomas crashed the car and fled on foot, the pursuing police officers followed them. All persons were armed; shots were fired. Eventually, the officers captured Abdullah and Thomas and arrested them.

Abdullah was convicted by a jury of one count of aggravated robbery, one count of attempted capital murder, and two counts of theft. He was given a life sentence on the robbery conviction and a consecutive 60–year sentence on the other three convictions. The Arkansas Supreme Court affirmed his convictions and sentences on direct appeal. *Abdullah v. State,* 301 Ark. 235, 783 S.W.2d 58, 61 (1990). Abdullah filed a postconviction petition pursuant to Ark.R.Crim.P. 37. The trial court denied that petition, and the trial court's ruling was affirmed on appeal. *See*

*Abdullah v. State,* No. CR 89–136, 1992 WL 110103 (Ark. May 18, 1992) (unpublished).

Abdullah then filed a pro se petition for a writ of habeas corpus. In his petition, he alleged the same claims that were presented to the Arkansas Supreme Court on direct appeal by attaching a slightly altered photocopy of part of his appellate brief.[2] Thus, he alleged that (1) there was insufficient evidence to sustain his attempted capital murder conviction, (2) his counsel were ineffective because they failed to succeed on pretrial motions to suppress, and (3) he was denied due process of law by the trial court's denials of his motion to continue trial and his motion to suppress. (*See* R. at 7–19.) Abdullah later filed a motion for appointment of counsel, which stated:

> 1. Petitioner is proceeding pro se without choice;
>
> 2. He is unable to afford counsel or to pay the costs of this action . . .;
>
> 3. His knowledge of law and litigation is very limited and the issues are complex;
>
> 4. Without assistance or qualified counsel, he will be unable to meaningfully pursue his meritorious claims; [and]
>
> 5. The ends of justice would best be served in this case if counsel were appointed, and Petitioner makes his requests in good faith.

(*Id.* at 46.) The magistrate judge denied this motion, reasoning that "the case is neither factually nor legally complex" and that "the petitioner appears capable of presenting his claims to the Court." (*Id.* at 61.) About two months later, the magistrate judge issued a report and recommendation in which he recommended that the petition be denied on the merits. (*Id.* at 64–71.) Abdullah filed objections to the report and recommendation. (*Id.* at 74–77.) The district judge overruled

---

* The HONORABLE JOHN R. GIBSON was an active judge at the time this case was argued and became a Senior Circuit Judge on January 1, 1994.

1. The Honorable Stephen M. Reasoner, Chief United States District Judge for the Eastern District of Arkansas, upon the report and recommendation of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

2. On April 26, 1993, Abdullah filed a motion to supplement the record in this court with a complete and accurate photocopy of the brief that was filed in the Arkansas Supreme Court. We reserved ruling. Abdullah offers the brief to show that the attachment to Abdullah's habeas petition was a slightly altered photocopy of part of his state-court appellate brief. We find that to be fairly obvious. Nonetheless, we now grant the motion.

the objections and entered judgment for respondent. (*Id.* at 78–79.) With the help of court-appointed counsel, Abdullah appeals.

## II.

In his brief and at oral argument, Abdullah waived the three substantive issues that were alleged in his habeas petition and denied on their merits. In this appeal, he argues only that the district court erred by denying his motion for appointment of counsel. He seeks a remand to the district court with instructions to appoint counsel. "We review the court's denial of the request to appoint counsel under the abuse of discretion standard." *Battle v. Armontrout,* 902 F.2d 701, 702 (8th Cir.1990).

■ A magistrate judge or district judge may appoint counsel for a habeas petitioner if "the interests of justice so require." 18 U.S.C.A. § 3006A(a)(2), (a)(2)(B) (West Supp. 1993). If a district court conducts an evidentiary hearing on the petition, the interests of justice require that the court appoint counsel for the petitioner. *See* Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Rules"). If no evidentiary hearing is necessary, the appointment of counsel is discretionary.

■ When exercising its discretion, a district court should first determine whether a pro se habeas petitioner has presented a nonfrivolous claim. *Battle,* 902 F.2d at 702. If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel. *See* Habeas Rule 4. If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the

particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that "the interests of justice so require" it. 18 U.S.C.A. § 3006A(a)(2); *see also Battle,* 902 F.2d at 702. To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors. *See Battle,* 902 F.2d at 702; *Johnson v. Williams,* 788 F.2d 1319, 1322–23 (8th Cir.1986).

Abdullah's petition contains claims that are not legally complex. His first claim focusses primarily on factual issues, not on any difficult questions of law. His second claim alleges ineffective assistance of counsel, an issue with which federal courts are quite familiar. His third claim alleges simply that he was denied due process.

■ Abdullah's first claim involves somewhat complex factual issues. It rests on testimony concerning Abdullah's role in the shoot-out with police officers that occurred after he and Thomas crashed their getaway car. (*See* Tr. at 391–473, 492–99.) Abdullah's present appellate counsel has skillfully marshaled the evidence and has demonstrated that an appointed attorney might have presented a stronger argument for Abdullah in the district court. But the magistrate judge's denial of appointed counsel must be viewed in light of the information available to him at that time.[3] The trial transcript was already part of the record when the magistrate judge considered Abdullah's motion and when the magistrate judge and the district

---

**3.** On May 19, 1993, Abdullah filed a second Motion to Supplement the Record with a state crime lab report. We reserved ruling. The lab report shows that a test for gunpowder residue on Abdullah's hands tested negative. Abdullah offers the report to show that it "should have been, but never was entered into evidence at any phase of APPELLANT'S trial." (*See* Mot. at 2, ¶ 4.) The lab report is irrelevant to Abdullah's existing claim that the evidence actually in the record was insufficient to support the jury's verdict. (The lab report would be relevant to an allegation that trial counsel was ineffective for

failing to offer it, but Abdullah did not allege that kind of an ineffectiveness claim, and in any event, Abdullah did not present this "failure to offer" ineffectiveness claim to the state courts.) Thus, because the lab report is irrelevant, we now deny the motion to supplement the record. *See Dobbs v. Zant,* — U.S. —, —, 113 S.Ct. 835, 836, 122 L.Ed.2d 103 (1993) (per curiam) (reversing court of appeals' denial of motion to supplement the record because proffered evidence was relevant to death-row habeas petitioner's existing claim).

judge considered the merits of the claim. Because the district court would inevitably read the record before resolving the first issue, and because the district court is capable of understanding the significance of the testimony contained in the transcript, the magistrate judge could reasonably have believed that counsel would be of little benefit. *See Smith v. Groose,* 998 F.2d 1439, 1442 (8th Cir.1993) (affirming denial of counsel because "the issues can be properly resolved on the basis of the state court record"). Abdullah's second and third claims are not factually complex because the district court was able to evaluate counsel's competence based on the existing record.

■ Abdullah's petition, as well as his traverse and his motion for appointment of counsel, are neat and well written, thus supporting the magistrate judge's conclusion that he "appears capable of presenting his claims." (R. at 81.) Abdullah argues that the magistrate judge should have found otherwise because the most important part of his petition was merely a recycled version his state-court appellate brief. We disagree. Justice does not require that Abdullah's claims be presented more effectively in a habeas proceeding than on direct appeal. In fact, the opposite is true. *See Boyd v. Groose,* 4 F.3d 669, 671 (8th Cir.1993) (stating that constitutional right to effective assistance of counsel does not apply in habeas actions). Abdullah's habeas claims actually were presented in a more lawyer-like manner than most pro se habeas petitions. The district court did not schedule an evidentiary hearing, and Abdullah did not satisfy the stringent standards for obtaining one, *see Keeney v. Tamayo–Reyes,* — U.S. —, — – —, 112 S.Ct. 1715, 1719–21, 118 L.Ed.2d 318 (1992). Furthermore, Abdullah pleaded nearly all the claims he had presented to the state courts, and we believe that the claims he did not plead are frivolous, *see Abdullah v. State,* No. CR 89–136, 1992 WL 110103, at *1 (Ark. May 18, 1992).

In sum, the circumstances of this case do not compel the conclusion that the interests of justice required the appointment of counsel. The magistrate judge did not abuse his discretion when he denied Abdullah's motion for appointment of counsel.

### III.

The judgment of the district court denying Abdullah's petition for a writ of habeas corpus is affirmed.