_____

No. 95-3486
_____

David Thrasher,               *
                              *
          Appellant,          *
                              *  Appeal from the United States
     v.                       *  District Court for the
                              *  Eastern District of Missouri.
State of Missouri,            *
                              *       [UNPUBLISHED]
          Appellee.           *


_____

          Submitted:  November 26, 1996

             Filed:  December 12, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____


PER CURIAM.


     David Thrasher, a Missouri inmate, appeals from the district
court's[1] denial of his 28 U.S.C. § 2254 petition as procedurally
barred.  Thrasher argues the district court erred by denying his
petition without an evidentiary hearing and by failing to appoint
counsel sua sponte.


     Thrasher has not alleged cause and prejudice or actual
innocence to excuse his default.  See Coleman v. Thompson, 501 U.S.
722, 750 (1991).  His general allegations of ineffective assistance
of counsel do not constitute cause as they are not the same as the

_____

     [1]The Honorable Edward L. Filippine, United States District
Judge for the Eastern District of Missouri, adopting the report and
recommendations of the Honorable Frederick R. Buckles, United
States Magistrate Judge for the Eastern District of Missouri.

allegations of ineffectiveness he raised in state postconviction proceedings.  See McKinnon v. Lockhart, 921 F.2d 830, 832 (8th Cir. 1990) (per curiam) (claim of ineffective assistance of appellate counsel may be used to establish cause for procedural default only if first presented to state courts as independent Sixth Amendment claim), cert. denied, 501 U.S. 1208 (1991).  Therefore, Thrasher was not entitled to an evidentiary hearing.  See Wilson v. Kemna, 12 F.3d 145, 146 (8th Cir. 1994) (no entitlement to evidentiary hearing in habeas proceeding where record clearly indicates petitioner's claims are procedurally barred).  We conclude the district court did not abuse its discretion by not appointing counsel sua sponte.  See Smith v. Groose, 998 F.2d 1439, 1442 (8th Cir. 1993).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.