Terrance Edward ZERLA,
Petitioner–Appellant,

v.

Michael A. LEONARD, Respondent–
Appellee.

No. 00–4510.

United States Court of Appeals,
Sixth Circuit.

April 25, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; SIMPSON, District Judge.*

### ORDER

Terrance Edward Zerla, an Ohio state prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Zerla was convicted by a jury, on retrial, of kidnapping and three counts of rape. He was sentenced to thirty to seventy-five years of imprisonment. The Ohio Court of Appeals affirmed the denial of a motion to dismiss on speedy trial grounds, and affirmed Zerla's conviction on direct appeal. His motion for reopening was denied, and his post-conviction action was unsuccessful. He then filed this petition for federal habeas corpus relief, raising seven issues. The district court denied the petition, addressing five of the claims on the merits, finding one procedurally defaulted, and dismissing one as unrelated to the conviction. A certificate of appealability was issued as to the five claims which were addressed on the merits. Zerla has briefed those claims, and also argues that the Antiterrorism and Effective Death Penalty Act should not have been applied to his petition, and that the district court should have appointed counsel and conducted an evidentiary hearing. He has also filed motions for the appointment of counsel, for release pending appeal, and for other miscellaneous relief.

---

* The Honorable Charles R. Simpson III, United States District Judge for the Western District of Kentucky, sitting by designation.

The evidence at Zerla's trial showed that Zerla accosted his victim, placed his fingers in her mouth, pulling her chin down to her chest, and pulled her into an alleyway where he threatened to kill her and forced her to engage in oral, anal, and vaginal sex. Residents of a neighboring building heard the victim's cries and saw her being forced into the alley. They came out and interrupted the crime. One of the witnesses chased Zerla down and held him until the police arrived, while the others took the distraught victim into their apartment to wait for the police. Hospital records noted the unusual bruising under the victim's tongue caused by Zerla's fingers, and abrasions on her back. No sperm were identified from the swabs taken.

■ Zerla argues that he is entitled to habeas corpus relief because he was denied the right to a public trial. However, this was not a case where the trial court exercised its discretion to close the trial to the press and public. *Cf. Globe Newspaper Co. v. Superior Court for Norfolk County,* 457 U.S. 596, 609, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982). Rather, Zerla is complaining because one child was removed from the courtroom pursuant to the trial judge's policy of excluding small children from rape trials. There is no evidence of an abuse of discretion by the trial court, and no plausible argument that Zerla was denied a fair trial by this action.

Zerla next argues that his constitutional rights were violated when the state court held that a state law on speedy trials did not apply to his retrial. Federal habeas corpus relief is not available on the basis of alleged violations of state law, but is confined to arguments raising violations of the Constitution. *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Zerla attempts to argue that this is not a state law issue, but instead a double jeopardy claim. No such claim was certified for appeal, and would be meritless in any event. *See United States v. Scott,* 437 U.S. 82, 90–91, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978).

■ Zerla's speedy trial claim was properly raised as a federal issue in his third claim for relief. The record shows that Zerla's initial conviction was reversed due to juror bias on March 21, 1992. The Ohio Supreme Court affirmed that decision on July 15, 1992. Zerla's retrial commenced on August 9, 1993. Zerla claims that the delay was due to the state appointing inappropriate counsel to represent him. In August, 1992, a former prosecutor was appointed. In November, 1992, the law school roommate of the prosecuting attorney was appointed. Zerla changed counsel several times. He was released on bond in November, 1992. Subsequent to his release, one extension of seven days was requested by the prosecutor. The remaining extensions were all requested by defense counsel. In analyzing a speedy trial claim, the relevant issues are the length of the delay, the reasons for the delay, the defendant's assertion of his rights, and any prejudice to the defense. *Doggett v. United States,* 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). In this case, the length of the delay was slightly longer than one year. Zerla has not shown that any of the reasons for delay were illegitimate. Although he claims to have asserted his rights on numerous occasions, the only formal motion for dismissal on this ground was made on the second day of trial. Finally, he has pointed to no prejudice. On the contrary, as Zerla was released on bond, the delays were to his benefit. This claim is therefore meritless.

■ Zerla next claims that his right to remain silent following *Miranda* warnings was held against him in violation of *Doyle v. Ohio,* 426 U.S. 610, 619, 96 S.Ct. 2240,

49 L.Ed.2d 91 (1976). Review of the record shows that Zerla is actually objecting to the prosecutor's argument to the jury that Zerla had pursued a mandamus action requesting the state's records between his two trials, and was therefore able to tailor his testimony based on the information obtained. The Supreme Court has declined to extend *Doyle* to comments on a defendant's ability to tailor his testimony to that of earlier witnesses. *Portuondo v. Agard,* 529 U.S. 61, 74–75, 120 S.Ct. 1119, 146 L.Ed.2d 47 (2000).

 Zerla's final claim includes arguments that the prosecutor presented perjured testimony and withheld exculpatory evidence, while his expert testimony was erroneously excluded. The pathologist who found the swabs from the rape kit negative for sperm in this case testified that she had rarely received positive results from oral swabs in her lengthy career, estimating that she saw positive results approximately once per year. Since his conviction, Zerla has succeeded in obtaining a record of the witness's lab reports spanning more than a decade, as well as the corresponding police records of these cases, and now claims that such records show that the witness obtained positive test results from an oral swab in three or four cases where the facts were similar to this case, that is, where the swabs were performed within a few hours of alleged ejaculation in the oral cavity. In order to demonstrate prosecutorial misconduct on the basis of perjured testimony, it must be shown that false evidence was presented, that the prosecution knew the evidence was false, and that the evidence was material to the verdict. *United States v. Hawkins,* 969 F.2d 169, 175 (6th Cir.1992). Zerla has failed to meet any of these requirements. If anything, the records indicate that the witness may have overstated how often she receives positive results from oral swabs. There is no indication that the witness knew her testimony was "false", or that the prosecutor was aware of perjury. While Zerla claims to know which of the cases involved ejaculation, there is no indication that the witness would have this information. Finally, this evidence was not material. Although Zerla argues that the evidence was crucial to the victim's credibility, in fact, her testimony was corroborated by the several witnesses and the records of her injuries. Ejaculation did not need to be shown to establish penetration.

 Zerla also argues that the prosecutor should have supplied him with every lab report the witness had ever performed, and the corresponding police records, so that his counsel could have effectively cross-examined the witness. In order to state a claim of prosecutorial misconduct based on withholding exculpatory evidence, it must be shown that material evidence was withheld which probably would have changed the result of the trial. *Pennsylvania v. Ritchie,* 480 U.S. 39, 57, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). As discussed above, this evidence was not material. Nor would a different verdict have possibly resulted from questioning this witness about the alleged facts of cases which she was not informed of prior to performing testing.

 The final facet of Zerla's argument is that his expert was improperly restricted from testifying about an experiment she had performed during the trial which showed that sperm could be detected from swabs of the oral cavity up to three hours following ejaculation. The evidence was excluded as a discovery sanction and because it was found that its prejudicial value outweighed its relevance. Evidentiary rulings can be the basis of federal habeas corpus relief only where they denied the defendant a fundamentally fair trial. *Clemmons v. Sowders,* 34 F.3d 352, 357–58

(6th Cir.1994). Zerla was not denied a fair trial by the exclusion of testimony regarding this experiment. His expert was allowed to testify regarding a published study which showed positive results were possible from oral swabs up to six hours after a rape, and was permitted to give her opinion that the negative results in this case indicated that no ejaculation had taken place.

The additional arguments raised in Zerla's brief are without merit. Contrary to his argument, it is well-established that the Antiterrorism and Effective Death Penalty Act applies to petitions filed after its effective date. *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir.1999). The district court correctly found that no evidentiary hearing should be held, as the facts underlying Zerla's claims are not such that no reasonable factfinder would have found him guilty. 28 U.S.C. § 2254(e)(2). Finally, the appointment of counsel is not necessary in cases in which only frivolous claims are presented. *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir.1994).

For all of the above reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.