**Michael HOGGARD, Appellant,**

v.

**James PURKETT, Superintendent, Appellee.**

No. 93–2403.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1994.

Decided July 14, 1994.

R. Greg Bailey, St. Louis, MO, for appellant.

John Simon, Jefferson City, MO, for appellee.

Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

HANSEN, Circuit Judge.

Michael Hoggard appeals the district court's [1] order denying his motion for appointment of counsel in his habeas corpus action filed pursuant to 28 U.S.C. § 2254. Hoggard argues that there should be a constitutional right to counsel in habeas proceedings and that the district court abused its discretion by refusing to appoint counsel in this case. We affirm.

On February 27, 1991, Hoggard entered a plea of guilty in the circuit court of St. Louis County, Missouri, to five state charges of felony stealing, passing bad checks, and passing bad checks as a persistent offender. He was sentenced to ten years of imprisonment. Hoggard filed neither a direct appeal nor a motion for state post-conviction relief under Missouri Rule of Criminal Procedure 24.035. In July 1991, Hoggard belatedly attempted to appeal the judgment by filing a motion for leave to file notice of appeal out of time, but the Missouri Court of Appeals denied the motion.

On June 5, 1992, Hoggard filed a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus in federal district court, alleging that the state denied him his right to due process, that he received ineffective assistance of counsel, and that he did not enter knowing and voluntary pleas of guilty. Hog-

---

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, upon the report and recommendation of the Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri.

gard filed a motion for court-appointed counsel. The district court, adopting the report and recommendation of the magistrate judge, denied Hoggard's motion for appointment of counsel and denied Hoggard's habeas petition without an evidentiary hearing after determining that Hoggard had procedurally defaulted each of his asserted grounds for relief. Now represented by counsel, Hoggard appeals the district court's denial of his motion for appointment of counsel.

■ Hoggard first urges this court to establish a constitutional right to counsel in habeas corpus proceedings. He concedes, as he must, "that there is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." (Appellant's Br. at 7.) He argues that habeas corpus proceedings are criminal in nature, not civil, and that the historical importance of the remedy compels a conclusion that the writ invokes the Sixth Amendment right to counsel. We disagree. Never has it been held that there is a constitutional right to counsel in a habeas action. *See Blair v. Armontrout,* 916 F.2d 1310, 1332 (8th Cir.1990), *cert. denied,* — U.S. —, 112 S.Ct. 89, 116 L.Ed.2d 62 (1991); *see also Johnson v. Avery,* 393 U.S. 483, 488, 89 S.Ct. 747, 750, 21 L.Ed.2d 718 (1969). A habeas corpus proceeding is civil in nature, and "the Sixth Amendment right to counsel afforded for criminal proceedings does not apply." *Boyd v. Groose,* 4 F.3d 669, 671 (8th Cir. 1993); *see also McCleskey v. Zant,* 499 U.S. 467, 495, 111 S.Ct. 1454, 1470–71, 113 L.Ed.2d 517 (1991) (no constitutional right to counsel in federal habeas); *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987) ("right to appointed counsel extends to the first appeal of right, and no further"); *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987) ("habeas corpus proceedings are civil in nature"). It is clear that the Sixth Amendment right to counsel does not attach to a habeas corpus proceeding, and we decline Hoggard's invitation to establish a new constitutional right.

■ Second, Hoggard contends that the district court erred in denying his request for appointment of counsel. We review for abuse of discretion a district court's denial of a motion for appointment of counsel. *Abdullah v. Norris,* 18 F.3d 571, 573 (8th Cir.1994). A district court may appoint counsel for a habeas petitioner when "the interests of justice so require." *Id.; see also* 18 U.S.C.A. § 3006A(a)(2) (West Supp.1993). The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition. *Abdullah,* 18 F.3d at 573; Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Abdullah,* 18 F.3d at 573. In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors. *Id.; see also Battle v. Armontrout,* 902 F.2d 701, 702 (8th Cir.1990). Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel. *Boyd,* 4 F.3d at 671.

■ The district court found that the interests of justice did not require the appointment of counsel in this case and denied the petition without a hearing on the basis of procedural default. The question before us is whether the district court abused its discretion in denying Hoggard's request for court-appointed counsel. Hoggard's petition claimed that he was misadvised and coerced into pleading guilty, that his guilty pleas were not entered knowingly and voluntarily, and that his counsel rendered ineffective assistance. These claims are neither legally nor factually complex. Furthermore, Hoggard never raised these claims in the state courts because he did not file a direct appeal or a state postconviction motion. Hoggard responded pro se to the procedural default issue in a manner that indicated that he understood the issue and was capable of presenting his claims. Hoggard merely failed to sufficiently demonstrate cause and prejudice or clear and convincing evidence of actual innocence. *See Cornell v. Nix,* 976 F.2d 376, 380–81 (8th Cir.1992) (en banc), *cert. denied,* — U.S. —, 113 S.Ct. 1820, 123

L.Ed.2d 450 (1993); *see also Sawyer v. Whitley*, —— U.S. ——, ——, 112 S.Ct. 2514, 2517, 120 L.Ed.2d 269 (1992); *Wainright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977).

Having carefully reviewed the record, we conclude that the district court did not abuse its discretion in denying Hoggard's motion for appointment of counsel. Hoggard's petition was not factually or legally complex. Hoggard demonstrated that he understood the issues and was capable of presenting his claims. Also, the petition could be decided on the basis of the state court record which indicated that Hoggard had procedurally defaulted every claim stated in his habeas petition.

This court permitted Hoggard to file a pro se supplemental brief in this appeal. Generally, it is Eighth Circuit policy to refuse to consider pro se filings when a party is represented by counsel. *See United States v. Hale*, 978 F.2d 1016, 1018 n. 2 (8th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1614, 123 L.Ed.2d 174 (1993); *United States v. Halverson*, 973 F.2d 1415, 1417 (8th Cir. 1992). In this case, however, we have gratuitously considered Hoggard's pro se supplemental brief. Hoggard contends that due process entitled him to appointed counsel and a hearing in district court to develop and present his claims of cause and prejudice and actual innocence. We disagree. "The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard." *McCleskey*, 499 U.S. at 494, 111 S.Ct. at 1470. The district court's determinations in this case obviated the need for an evidentiary hearing on cause and prejudice or actual innocence, and we find no error or abuse of discretion in those determinations.

We conclude that the district court did not abuse its discretion by denying Hoggard's motion for appointment of counsel. Accordingly, we affirm the judgment of the district court.