68 F.3d 479
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Willie J. WILLIAMS, Appellant,
v.
Carl T. WHITE, Appellee.
 No. 95-1147.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 11, 1995.
Filed: Oct. 2, 1995.
 
 Before FAGG, HENLEY, and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Willie J. Williams appeals the district court's[1] denial of habeas relief, pursuant to 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 Petitioner was convicted after a jury trial of assault in the second degree and armed criminal action. He filed a timely direct appeal and his conviction was upheld. The trial judge advised petitioner of the availability of postconviction relief, but he inadvertently referred to Rule 24.035 of the Missouri Supreme Court Rules rather than Rule 29.15. Petitioner then filed an untimely motion for state postconviction relief under Rule 29.15, which was denied as untimely.
 
 
 3
 Petitioner then filed a petition for a writ of habeas corpus, raising eight claims. The magistrate judge recommended rejection of the petition, holding that four claims were procedurally barred because they dealt with trial error and had not been raised on direct appeal and the remaining four claims were procedurally barred because of the untimely motion for state postconviction relief. Petitioner did not object to the magistrate judge's report and recommendation, and it was adopted by the district court. Only the bar on the state postconviction motion is before us on appeal.
 
 
 4
 Petitioner's failure to file a timely state postconviction motion creates a procedural bar to his pursuing these claims on collateral review in federal court. Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir.1988), cert. denied, 490 U.S. 1114 (1989). Petitioner can overcome this bar only by showing either cause and prejudice or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner has made no claim of actual innocence; thus, as a matter of law he cannot satisfy this exception to cause and prejudice. See Schlup v. Delo, 115 S. Ct. 851, 861 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir.1995). Even so, there is no evidence of actual innocence.
 
 
 5
 Petitioner cannot meet the cause and prejudice standard either. Petitioner claims that the trial judge's error in instructing him on state postconviction relief is the cause of the untimely motion for such relief. This argument fails for two reasons. First, if petitioner had filed his motion within the time frame established under Rule 24.035, his petition would have been timely under the related Rule 29.15. More importantly, when filing his Rule 29.15 motion, petitioner did not advance trial judge error as the cause of the delay; rather, he cited attorney error. The magistrate judge below thus determined that attorney error was the cause of the delay. Petitioner did not object to this determination within the applicable time frame, so we can only reverse for plain error, which is not present. Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir.1994).
 
 
 6
 Because there is no constitutional right to counsel in state postconviction proceedings, deficient performance of counsel in such proceedings cannot constitute cause to excuse procedural default. Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir.), cert. denied, 115 S. Ct. 462 (1994). Further, petitioner's lack of knowledge does not constitute sufficient cause to overcome the default. Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir.1991). Because petitioner has not made the showing required by Coleman, the habeas petition is procedurally barred.
 
 
 7
 Petitioner also challenges the district court's denial of the request for counsel at the habeas proceeding. We review the district court's determination for abuse of discretion, Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir.1994), and find that petitioner's contention is meritless. There is no Sixth Amendment right to counsel in habeas proceedings. Id. A district court may appoint counsel in the interests of justice; however, where no evidentiary hearing is required and the issues are not complex and may be resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for counsel. Id.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri