**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 97-1945SI

United States of America,            *
                                     *
                    Appellee,        *    Appeal from the United States
                                     *    District Court for the Southern
        v.                           *    District of Iowa.
                                     *
William W. Elliott,                  *                [PUBLISHED]
                                     *
                    Appellant.       *

───────────────

Submitted:  October 20, 1997
Filed:  October 30, 1997

───────────────

Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

───────────────

PER CURIAM.

After a conservation officer encountered William W. Elliott with two handguns in his van and local law enforcement officers seized an unregistered AK-47 fully automatic machinegun at Elliott's home, a jury convicted Elliott on three counts of being a felon in possession of a firearm, and one count each of possessing an illegal firearm and failing to register a firearm. See 18 U.S.C. §§ 922(g)(1) and 922(o)(1) (1994); 26 U.S.C. § 5861(d) (1994). Elliott appeals his convictions and sentence. We affirm.

In challenging his convictions for being a felon in possession of a firearm, Elliott

contends he has no valid underlying felony conviction for the purposes of § 922(g)(1). Elliott argues his counseled guilty plea to an earlier Arkansas felony charge is constitutionally infirm because the trial judge failed to comply with <u>Boykin v. Alabama</u>, 395 U.S. 238, 242-44 (1969). The holdings of the United States Supreme Court, however, foreclose Elliott's collateral attack on his earlier plea-based conviction. <u>See</u> <u>Lewis v. United States</u>, 445 U.S. 55, 60-65 (1980); <u>see also</u> <u>Custis v. United States</u>, 511 U.S. 485, 496-97 (1994).

Because this Court gave Elliott permission to file a pro se brief, we now turn to the arguments in Elliott's brief. <u>See</u> <u>Hoggard v. Purkett</u>, 29 F.3d 469, 472 (8th Cir. 1994) (pro se briefs not accepted when a party is represented by counsel). Elliott contends his § 5861(d) conviction for failure to register the machinegun violates due process. Elliott argues § 5861(d) was implicitly repealed by the later-enacted § 922(o)(1), which prohibits possession of a machinegun. Because Elliott can comply with both statutes by simply refusing to possess the machinegun, we agree with the Fourth, Fifth, Seventh, Ninth, and Eleventh Circuits that the statutes are reconcilable. <u>See</u> <u>Hunter v. United States</u>, 73 F.3d 260, 261-62 (9th Cir. 1996); <u>United States v. Rivera</u>, 58 F.3d 600, 601-02 (11th Cir. 1995); <u>United States v. Ardoin</u>, 19 F.3d 177, 179-80 (5th Cir. 1994); <u>United States v. Ross</u>, 9 F.3d 1182, 1193-94 (7th Cir. 1993), <u>vacated on other grounds</u>, 511 U.S. 1124 (1994); <u>United States v. Jones</u>, 976 F.2d 176, 182-83 (4th Cir. 1992); <u>but see</u> <u>United States v. Dalton</u>, 960 F.2d 121, 123-24 (10th Cir. 1992). In sum, Elliott was fairly convicted under § 5861(d). Claiming he never fired the machinegun and did not know it was an automatic, Elliott also contends the Government failed to prove he knowingly possessed the weapon. Because Elliott possessed the machinegun and observed its characteristics, Elliott's contention is foreclosed by our holding in <u>United States v. Farrell</u>, 69 F.3d 891, 894 (8th Cir. 1995), <u>cert. denied</u>, 116 S. Ct. 1283 (1996). We also reject Elliott's challenge to his sentence. Our review shows the district court's guideline sentence was correct. Finally, we have considered Elliott's remaining contentions and find them without merit.

We affirm Elliott's convictions and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.