# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-1684

———————

David Hill,

        Appellant,

    v.

John Ault,

        Appellee.

\*    Appeal from the United States
\*    District Court for the
\*    Southern District of Iowa
\*
\*      [UNPUBLISHED]
\*

———————

Submitted:   March 17, 1999

Filed:   May 17, 1999

———————

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

———————

PER CURIAM.

David Hill appeals from the final judgment entered in the District Court[1] for the Southern District of Iowa denying and dismissing his 28 U.S.C. § 2254 habeas petition. For reversal, Hill argues his state firearm conviction under Iowa Code § 724.26 (1991) was unlawful because his counsel on direct appeal rendered ineffective assistance. Specifically, Hill argues appellate counsel failed to challenge the trial court's ruling that evidence indicating Hill was misled about the collateral consequences of an earlier

---

[1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

conviction--a guilty plea which served as the predicate felony for his firearm conviction--was inadmissible. For the reasons discussed below, we affirm the judgment of the district court.

In the context of federal statutes prohibiting felons from possessing firearms, a collateral attack on the predicate felony conviction as constitutionally invalid is no defense. See Lewis v. United States, 445 U.S. 55, 56, 60-65 (1980); United States v. Elliott, 128 F.3d 671, 672 (8th Cir. 1997) (per curiam). We conclude any misapprehension on Hill's part about the collateral consequences of his predicate conviction would be relevant only in the context of an attack on the validity of that predicate conviction, and not in the context of an attack on his conviction under Iowa Code § 724.26. See Saadiq v. State, 387 N.W.2d 315, 323 (Iowa), appeal dismissed, 479 U.S. 878 (1986). Accordingly, we agree with the district court that Hill did not establish he was entitled to relief under section 2254 based on his appellate counsel's alleged deficient performance. See Strickland v. Washington, 466 U.S. 668, 690-91 (1984). The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-