# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2071

_____

| | | |
|---|---|---|
| Ronald Eugene Nichols, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri |
| Dave Dormire, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: December 1, 2000

Filed: April 2, 2001

_____

Before McMILLIAN, BRIGHT and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.

Inmate Ronald Eugene Nichols appealed the district court order[1] dismissing his 28 U.S.C. § 2254 habeas corpus petition as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). On appeal, we remanded the case to the district court "for the limited purpose of making a specific finding on whether the degree and duration of the prisoner's mental impairment warrants equitable tolling." On remand,

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

the district court found that, even though Nichols had been medically diagnosed with various psychotic disorders and had been prescribed psychotrophic medications, the degree and duration of his mental impairment did not interfere with the running of the one-year statute of limitations for his habeas corpus petition. For the reasons discussed below, we affirm the order of the district court.

Nichols's convictions became final on August 10, 1994, when he was sentenced. However, the Antiterrorism and Effective Death Penalty Act ("AEDPA") enabled prisoners whose convictions were final to file their habeas corpus petitions within one year after its enactment. Therefore, the applicable time frame for ascertaining whether equitable tolling is proper in this case is the period between April 24, 1996, when the AEDPA was enacted and became effective, and April 24, 1997, when the one-year grace period expired for those prisoners whose convictions became final prior to its enactment.

Nichols's habeas petition was filed on December 16, 1998, twenty months after the grace period expired. Nichols concedes that his § 2254 petition was filed outside the one-year limitation period of § 2244(d), but argues that the statute should have been equitably tolled due to his mental impairment. "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (citing Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999)).

While mental impairment can be an extraordinary circumstance interrupting the limitation period, in this case the district court found that, during the applicable time frame, Nichols lived in general population at the Jefferson City Correctional Center, was employed at the institution's chemical products factory, appeared coherent and alert at all times, did not suffer from auditory or visual hallucinations, was not suicidal or homicidal, and was capable of registering a written complaint to prison officials. As a result, we agree with the district court that the degree and duration of Nichols's

mental impairment does not constitute an extraordinary circumstance justifying the tolling of the limitations period.

We thus affirm the district court's denial of habeas relief and the dismissal of Nichols's § 2254 petition.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.