# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1549

_____

United States of America,

          Appellee,

v.

Louis Pierre Village Center,

          Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the District of
North Dakota.

_____

Submitted: June 15, 2006
Filed: July 5, 2006

_____

Before SMITH, HEANEY and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Appellant Louis Pierre Village Center ("Village Center") pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and to possessing an illegal firearm in violation of 26 U.S.C. §§ 5861(c) and 5871. The district court[1] sentenced Village Center to 84 months' imprisonment, the bottom of the guidelines sentencing range. Village Center appeals, challenging the

_____

[1] The Honorable Patrick A. Conmy, Senior District Judge for the District of North Dakota.

constitutionality of § 5861(c), the propriety of applying § 5861(c) to Village Center and the validity of his sentence. We affirm.

## I. DISCUSSION

Village Center first contends that § 5861(c) is an unconstitutional exercise of Congress's authority to regulate commerce or to tax. We review § 5861(c)'s constitutionality de novo. *United States v. Koons*, 300 F.3d 985, 990 (8th Cir. 2002). Irrespective of whether § 5861(c) is a valid exercise of Congress's commerce clause authority (an issue we do not here address), it is a valid exercise of Congress's taxing authority. We have previously upheld another portion of the same statute, § 5861(d), on this basis. *United States v. Hall*, 171 F.3d 1133, 1142 (8th Cir. 1999) (holding that §5861(d) is a valid exercise of the taxing power); *United States v. Hale*, 978 F.2d 1016, 1018 (8th Cir. 1992) (same). We upheld § 5861(d) under the taxing clause because it was passed "in aid of a revenue purpose." *Hall*, 171 F.3d at 1142. We reasoned that it aided that revenue purpose because criminalizing possession of an unregistered firearm would force manufacturers to register firearms and would help "identify the [firearm] maker liable for the tax." *Id.*

Section 5861(c) criminalizes possession of a firearm made in violation of Chapter 53 of Title 26 of the U.S. Code, a portion of which requires the maker of any "firearm" (as that section uses the term) to seek permission to make the firearm, to register the firearm, and then to pay the relevant tax. 26 U.S.C. § 5822. As such, subsection (c) also works "in aid of a revenue purpose." It is, therefore, a valid exercise of Congress's taxing authority for the same reasons that subsection (d) is a valid exercise of that authority. Accordingly, we reject Village Center's argument that Congress lacked the authority to pass § 5861(c).

Village Center further argues that, even if § 5861 does not exceed Congress's taxing power as a general matter, it is invalid as applied to him because it was impossible for him to register the sawed-off shotgun that he possessed. We are unpersuaded by this argument, however, because felons can comply with statutes proscribing possession of a firearm and § 5861's registration and taxation requirements by simply not possessing the firearm. *See United States v. Walker*, 428 F.3d 1165, 1172 (8th Cir. 2005) ("[E]ven if a firearm cannot be registered, an individual could still comply with the law by not taking possession of it.") (citing *United States v. Elliot*, 128 F.3d 671, 671 (8th Cir. 1997) (per curiam)), *cert. denied*, 126 S. Ct. 1385 (2006).

Finally, Village Center argues that his sentence cannot be sustained for two reasons. First, he argues that the district court only refused Village Center a downward departure because it was unaware that it had the authority to grant Village Center a departure. This is the only instance in which we can review the discretionary denial of a downward departure. *See, e.g.*, *United States v. Vasquez*, 433 F.3d 666, 670 (8th Cir. 2006) ("The discretionary denial of a motion for downward departure is unreviewable unless the court failed to recognize its authority to depart."). Having carefully reviewed the sentencing transcript, we see nothing indicating that the district court was unaware of its authority to depart from the Guidelines.

Village Center also contends that the district court's calculation of Village Center's sentence based upon prior convictions that were not proven to a jury or admitted is unconstitutional and violates Village Center's Sixth Amendment rights. We have previously considered and rejected this argument. *United States v. Johnson*, 408 F.3d 535, 540 (8th Cir. 2005).

## II. CONCLUSION

For the foregoing reasons, we affirm Village Center's conviction and sentence.

_____