# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3193

_____

Tatiana Michelle Dixon

*Petitioner - Appellant*

v.

Patti Wachtendorf

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: May 15, 2014
Filed: July 14, 2014

_____

Before RILEY, Chief Judge, BEAM and SHEPHERD, Circuit Judges.

_____

BEAM, Circuit Judge.

Tatiana Dixon appeals the district court's[1] dismissal of her 28 U.S.C. § 2254 petition for habeas corpus relief. In 2003, Dixon was convicted of first-degree felony murder in Iowa state court. The qualifying felony was willful injury based upon

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

Dixon's actions of firing shots into the hallway of her apartment building, killing one person and injuring another. At Dixon's bench trial, the state was required to prove only that Dixon had the intent to cause serious bodily injury, not death, to establish the felony-murder charge. Dixon was sentenced to life imprisonment.

In her direct criminal appeal, Dixon argued that the state failed to prove she acted without justification and that her attorney was ineffective for failing to argue that the court should reconsider its position on the use of willful injury as a qualifying felony for felony murder. The Iowa Court of Appeals denied relief on December 22, 2004. State v. Dixon, 695 N.W.2d 334, 2004 WL 2951968 (Iowa Ct. App. 2004) (unpublished). Dixon's application for further review was denied by the Iowa Supreme Court on March 28, 2005. On August 25, 2006, the Iowa Supreme Court reversed its position on the use of willful injury as the underlying felony for felony murder. State v. Heemstra, 721 N.W.2d 549, 558 (Iowa 2006). The Heemstra court held "if the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes." Id. The Heemstra court further delineated that its decision would not be applied retroactively to cases on collateral review in Iowa state courts. Id.

On September 5, 2006, Dixon filed a motion for relief in state district court, seeking relief based on this change in the law, and re-urging relief based on her counsel's failure to request a new trial based on the use of willful injury as the qualifying felony for her conviction of first-degree murder. Construing her motion as a petition for post-conviction relief, the court denied relief on October 6, 2010. On November 23, 2011, the Iowa Court of Appeals denied her appeal. Dixon v. State, 808 N.W.2d 756, 2011 WL 5867929 (Iowa Ct. App. 2011) (unpublished).

Procedendo[2] issued on December 20, 2011, and Dixon filed no petition for further review. Dixon filed the current 28 U.S.C. § 2254 petition on December 17, 2012, and states that it was placed in the prison mailing system on December 11, 2012.

Upon the government's motion, the district court dismissed the petition as untimely based upon the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). The court alternatively held that Dixon would not have been able to obtain relief because she had not adequately exhausted her state court remedies, and that, in any event, Dixon could not have prevailed on the merits because her federal due process rights[3] were not violated by the state courts of Iowa.

Dixon's conviction became final, for § 2244 statute of limitations purposes, on June 15, 2005, ninety days after the Iowa Supreme Court denied her application for further review. Boston v. Weber, 525 F.3d 622, 624 (8th Cir. 2008). So, unless the Heemstra decision can be construed as a new factual predicate for Dixon within the meaning of § 2244(d)(1), her petition is time-barred. See 28 U.S.C. § 2244(d)(1)(D) (stating that the statute of limitations begins running on the latest of certain events, including "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence"). Further complicating matters is the fact that, even giving Dixon the benefit of construing Heemstra as a "factual predicate," her petition is still time-barred unless we do not begin counting until the day the Heemstra procedendo issued (September 25, 2006) rather than the

_____

[2]In Iowa, "procedendo" is similar to the "mandate" in federal courts, and once it has issued, the jurisdiction of the issuing court ceases. See In re M.T., 714 N.W.2d 278, 281-82 (Iowa 2006).

[3]The district court did not address Dixon's Equal Protection Clause claim and the state apparently concedes that if we need to decide the case on the merits on that basis, it should be remanded to the district court to decide in the first instance.

date of decision on August 25, 2006.[4]  If the statute of limitations began running on August 25, Dixon waited eleven days to file her petition for post-conviction relief on September 5, which stopped the limitations clock.  See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection.").  Then when the state post-conviction petition was no longer pending as of December 20, 2011, she waited another 363 days to file her federal petition for habeas corpus on December 17, 2012,[5] making her current habeas petition untimely.

Dixon's argument that the clock did not begin running until the Heemstra procedendo issued is somewhat disingenuous, as Dixon actually filed her state post-conviction motion on September 5, 2006, twenty days before the procedendo issued

_____

[4]A legal decision in this circumstance is generally not a "factual predicate" as described in § 2244(d)(1)(D).  See E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006) (holding that a legal decision did not serve to toll the statute of limitations because the decision was within the domain of the court and was "incapable of being proved or disproved"); Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005) (holding that a habeas petition was not timely even though filed days after a California state court decision in a different case changed the law in a way that would have favorably affected the petitioner had it been in effect at the time of his conviction).  We further note that the dilemma over deciding which day to begin counting this supposedly factual event simply underscores the difficulty of construing a legal decision as a factual predicate.  But, due to the untimeliness of the petition, we need not definitively decide the issue.

[5]The government argues that Dixon does not get the benefit of the Prison Mailbox Rule and a filing date of December 11, 2012, because she did not adequately aver that she pre-paid with first-class postage, in violation of Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.  However, even if she had and we credit December 11, 2012, as her filing date, 368 non-tolled days would have passed during the various times when the clock started and stopped, still rendering the petition untimely because it was not filed within one year's time.

-4-

on September 25. Section 2244(d)(1)(D) states that the statutory clock begins ticking when the factual predicate was or could have been "discovered." Heemstra was "discoverable" on the day it was issued, August 25, 2006. Indeed, Dixon certainly discovered it before September 25, as she filed her post-conviction petition twenty days prior. And, the Iowa Supreme Court has definitively held that its decisions are effective upon issuance, not after the procedendo has issued, unless otherwise specially noted. State v. Harris, 741 N.W.2d 1, 9-10 n.2 (Iowa 2007). Nothing in Heemstra indicated that it should not be effective upon issuance. Accordingly, Dixon "discovered" Heemstra within the meaning of § 2244(d)(1)(D) on August 25, 2006.

We are not unsympathetic to Dixon's plight, as her factual scenario seems quite similar to the defendant in Heemstra, given that they committed similar crimes within three days of each other. However, the Iowa state courts determined that the Heemstra decision would not be applied retroactively, and accordingly, the federal courts cannot unravel this particular byzantine knot. See Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005) ("[N]othing in AEDPA suggests that it was meant to take away state courts' ability to handle as they see fit the always-thorny problem of the retroactivity of changes in substantive law."). We affirm the district court's dismissal of the petition as untimely.

———————————————————